**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE GUADALUPE LOZANO
ARREDONDO,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-73835

Agency No.
A098-392-551

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 7, 2010—Seattle, Washington

Filed November 2, 2010

Before: Alfred T. Goodwin, Michael Daly Hawkins and
N. Randy Smith, Circuit Judges.

Opinion by Judge Goodwin

## COUNSEL

Maria E. Andrade, Boise, Idaho, for the petitioner.

Jem C. Sponzo, Kathryn M. McKinney, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

GOODWIN, Circuit Judge:

Jose Guadalupe Lozano Arredondo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) dismissal of his appeal from an Immigration Judge's (IJ's) decision denying cancellation of removal. Petitioner challenges the BIA's conclusion that he was statutorily ineligible for cancellation of removal because of his 1997 conviction for petty theft under Idaho Code Ann. § 18-2408(3).

The IJ had grounded his denial of cancellation of removal on a completely different reason: Petitioner's *mea culpa* during his hearing that when he was 21 years old, he had sexual intercourse with a thirteen-year-old girl, which resulted in the birth of the oldest of his three United States citizen children. Thus, Petitioner admitted to facts amounting to statutory rape.

Both grounds relied upon by the IJ (the statutory rape) and by the BIA (the petit theft) present difficulties which require that the case be remanded to the BIA for the BIA to decide which of several statutes are applicable to this removal case, and then to enter an appropriate order.

FACTUAL BACKGROUND

Petitioner entered the United States on August 17, 1990, without being legally admitted or paroled. Fifteen years later, the Department of Homeland Security served him with a notice to appear, charging him under 8 U.S.C. § 1182(a)(6)(A)(i), as a removable alien. Petitioner applied for cancellation of removal under 8 U.S.C. § 1229(b).

Petitioner testified in his application hearing on February 8, 2007. He admitted before the IJ facts that might have supported a prosecution under California law for statutory rape. He was never prosecuted, however, and never convicted of any offense in connection with his conjugal relations with the teenage mother. He later fathered at least two more children, born in the United States, with a different mother. All three children are receiving Medicaid, and he asserted that they would suffer hardship if he were removed. The IJ did not reach the hardship question, and we will not reach it now.

Petitioner additionally admitted that he had been convicted of petty theft in Idaho in April 1997, and served 64 days in jail and paid a fine of $215.50, In an oral decision, the IJ recited that an alien can apply for permanent residence and cancellation of removal if he can show four prerequisites: (1) "he has been physically present in the United States for the last 10 years, and the stop-time rule that applied would be from July 21, 2005," back to July 21, 1995; (2) "during that period . . . he has been a person of good moral character;" (3) "he has not been convicted of specified criminal offense[s];" and (4) "his removal would result in exceptional and extremely unusual hardship to a parent, spouse, or child who

is or are citizens of the United States or who is or are lawful permanent residents of the United States." *See* 8 U.S.C. § 1229b(b)(1).

The IJ noted that the government had stipulated that Petitioner had "the necessary physical presence." Petitioner also qualified by having "three United States citizen children," although his current wife "is in the United States illegally, without status." The IJ additionally found that Petitioner had "not been convicted of the specified criminal offenses under the statute that would render him ineligible."

Nonetheless, the IJ found from the admissions made by Petitioner that he had failed to prove that he was of good moral character. That finding is not surprising, on general principles. But the question, however, is not easily answered by recourse to general principles.

Petitioner correctly argues that his *mea culpa* revealing a possible statutory rape does not constitute a conviction that would disqualify him for discretionary relief under 8 U.S.C. § 1182 (a)(2). He further argues, possibly with merit, that his Idaho shoplifting conviction is time barred and not founded upon a statute carrying the requisite term of incarceration.

The BIA denied Petitioner's appeal, without addressing the statutory consequences of Petitioner's admission of facts which could have supported a timely prosecution under California Penal Code § 261.5(d), criminalizing statutory rape. The BIA based its dismissal of the appeal solely on Petitioner's petty theft conviction under Idaho Code Ann. § 18-2408(3), a crime involving moral turpitude, punishable by an imprisonment term of one year. *See* 8 U.S.C. § 1227(a)(2)(A)(i). Therefore, the BIA determined that Petitioner was "statutorily ineligible for cancellation of removal."

## DISCUSSION

We are faced with an IJ decision based primarily on the alien's uncharged, but admitted, statutory rape. This decision was appealed to the BIA, which did not affirm the IJ's decision, but instead, dismissed the appeal because of Petitioner's Idaho petty theft *conviction*. However, the BIA did not discuss the problem that the Idaho conviction was recorded in 1997, more than five years after Petitioner entered this country.[1] *See* 8 U.S.C. § 1227(a)(2)(A)(i)(I). Another difficulty with the Idaho conviction is that the maximum sentence under the Idaho law was one year, which did not "exceed one year," the language used in the petty crime exception to crimes described in 8 U.S.C. § 1182 (a)(2)(A)(ii)(II).

**[1]** "The BIA does have the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence." *Abovian v. INS*, 219 F.3d 972, 978 (9th Cir. 2000) (citation and internal quotation marks omitted); *see Elnager v. INS*, 930 F.2d 784, 787 (9th Cir. 1991) ("The BIA has the power to apply the correct standard regardless of the law applied by the immigration judge."). Under 8 U.S.C. § 1252(a)(1), this court reviews the BIA decision, the final agency order on cancellation of removal. *See Agyeman v. INS*, 296 F.3d 871, 876 (9th Cir. 2002) ("When the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision . . . ."); *Castillo v. INS*, 951 F.2d 1117, 1120 (9th Cir. 1991) ("This court's review is limited to the BIA's decision and thus we may not rely on the IJ's opinion in deciding the merits of [the alien's] case.").

**[2]** In this case, the BIA did not reveal how its treatment of the Idaho conviction conformed to the definitions and exceptions spelled out in 8 U.S.C. § 1227(a)(2)(A)(i) or 8

---

[1]The conviction did occur within the ten year "stop time" period referred to by the IJ.

U.S.C. § 1182(a)(2)(A)(ii). Specifically, the BIA does not address the applicability, if any, of the exceptions outlined in the respective statutes regarding crimes involving moral turpitude (i.e., the petty offense exception and time period limitations). *See In re Gonzalez-Silva*, 24 I. & N. Dec. 218, 219 (BIA 2007) (reaffirming its previous holding that "the 'description' of the category of offenses encompassing crimes involving moral turpitude also includes the exception" (quotation marks and citation omitted)); *see also Vazquez-Hernandez v. Holder*, 590 F.3d 1053, 1055 n.3 (9th Cir. 2010) (suggesting that if § 1182(a)(2) was the basis for removability rather than § 1182(a)(6), the petty offense exception may have applied). Based upon the BIA's failure to engage in a substantive analysis of its decision, we have no ability to conduct a meaningful review of its decision.

**[3]** Because "this court cannot affirm the BIA on a ground upon which it did not rely," *Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000), we must remand the cause to the BIA to clarify the statutory grounds upon which it relied in denying further review. Accordingly, we grant the petition and remand the case to the BIA.

**GRANTED and REMANDED.**