**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EKAWATI JULIANI,

               Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

No. 10-71547

Agency No. A096-262-848

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2014
Pasadena, California

Before: N.R. SMITH and MURGUIA, Circuit Judges, and MCNAMEE, District
Judge.[**]

    Petitioner Ekawati Juliani petitions for review of the Board of Immigration

Appeals (BIA) decision dismissing her appeal of the immigration judge's (IJ's)

denial of her applications for asylum, withholding of removal, and protection under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Stephen M. McNamee, United States District Judge
for the District of Arizona, sitting by designation.

the Convention Against Torture (CAT). We grant in part and deny in part the petition for review, and we remand for further factfinding by the IJ.

Because the BIA conducted its own review of the evidence and law, we review the BIA's decision and not that of the IJ, except to the extent that the BIA expressly adopted portions of the IJ's opinion. *Cordoba v. Holder*, 726 F.3d 1106, 1113-14 (9th Cir. 2013); *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). We review de novo purely legal questions and mixed questions of law and fact. *Cordoba*, 726 F.3d at 1113. We review the BIA's factual determinations for substantial evidence. *Id*.

1.      Both the IJ and the BIA assumed Petitioner's testimony to be true. In the absence of an explicit adverse credibility finding, we will likewise assume that her factual contentions are true. *Navas v. INS*, 217 F.3d 646, 652 n.3 (9th Cir. 2000). We therefore see no reason to remand for a credibility finding.

2.      Substantial evidence supports the BIA's determination that Petitioner failed to establish that "changed circumstances which materially affect[ed her] eligibility for asylum" caused her delay in filing her asylum application. 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 208.4(a)(4)(i); *Sumolang v. Holder*, 723 F.3d 1080, 1082-83 (9th Cir. 2013) (reviewing that determination for substantial evidence). Although the evidence she submitted may establish that abuses and

2

threats of violence against Chinese Christian minorities in Indonesia continued to occur in 2004, it does not establish that conditions had worsened since the time Petitioner arrived in the United States.  Even had conditions worsened, Petitioner has not established that those worsened conditions "materially affect[ed]" her eligibility for asylum in a way that might excuse her delay.  *See* 8 U.S.C. § 1158(a)(2)(D).

3.     The facts underlying Petitioner's claim that "extraordinary circumstances" existed "related to [her] delay in filing" her asylum application appear to be in dispute.  We therefore lack jurisdiction to review that claim. 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam) (limiting jurisdiction to questions of law as applied to undisputed facts).

4.     With respect to Petitioner's request for withholding of removal, substantial evidence supports the BIA's determination that Petitioner did not suffer past persecution.  Even when considered cumulatively, the harm that Petitioner suffered was not so extreme as to rise to the level of persecution.  *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc); *Guo v. Ashcroft*, 361 F.3d 1197, 1203 (9th Cir. 2004).

5.      Substantial evidence likewise supports the BIA's determination that Petitioner is not entitled to CAT protection.  Petitioner offered no evidence that she more likely than not will be tortured should she return to Indonesia.  *See* 8 C.F.R. § 1208.16(c)(2) (setting forth that standard).

6.      We grant in part the petition for review because we cannot conduct a meaningful review with regard to whether the BIA violated 8 C.F.R. § 1003.1(d)(3) when it decided that Petitioner did not have a well-founded fear of future persecution under the disfavored group analysis.  Under § 1003.1(d)(3)(iv), the BIA is not permitted to "engage in factfinding in the course of deciding appeals."  "Where the BIA fails to follow its own regulations and makes factual findings, it commits an error of law, which we have jurisdiction to correct." *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012).

The IJ did not apply the disfavored group analysis of *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), and *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), to Petitioner's claim for withholding of removal.  Therefore, the IJ never made the findings required under that analysis–specifically, a finding that Petitioner was a member of a disfavored group, or a finding as to whether Petitioner was at an "individualized risk of being singled out for persecution."  *Sael*, 386 F.3d at 925, 927 (recognizing Indonesia's ethnic Chinese minority as a disfavored group).

4

However, the IJ noted several incidents, which Petitioner had described, that the IJ found significant but insufficient to establish a well-founded fear of future persecution. The IJ concluded, in part, that those incidents did not "provide a clear probability for her basis of being fearful," because Petitioner herself considered the incidents insignificant. The IJ therefore found that Petitioner had not established a well-founded fear of future persecution.

On appeal, the BIA determined, for the first time, that "the record does not support a finding that [Petitioner] will face an individualized risk." In making that determination, however, the BIA did not address the IJ's findings of fact with regard to the several examples of Petitioner's individualized harm. Instead, the BIA concluded that Petitioner "failed to produce the specific examples of threats to her safety which would differentiate her claim from the general population of Chinese Christians living in Indonesia." That conclusion suggests that the BIA, contrary to its appellate function, ignored the factual findings of the IJ and engaged in factfinding on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Ridore v. Holder*, 696 F.3d 907, 915 (9th Cir. 2012).

Because "ethnic Chinese are significantly disfavored in Indonesia, [Petitioner] must demonstrate a 'comparatively low' level of individualized risk in order to prove that she has a well-founded fear of future persecution." *See Sael*,

5

386 F.3d at 927.  Given the IJ's findings of fact and the BIA's lack of reasoned analysis on appeal, we cannot conduct a meaningful review as to whether Petitioner met this standard.  *See Arrendondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010).

For the reasons set forth above, we **DENY IN PART** and **GRANT IN PART** the petition for review and **REMAND** for the IJ to make the findings of fact required under the disfavored group analysis in the first instance.

Each party shall bear its own costs on appeal.