**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTAK HAYRAPETYAN, | No. 11-70601 |
| Petitioner, | Agency No. A098-534-831 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2014
Pasadena, California

Before:    W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON,
Senior District Judge.[**]

Petitioner Artak Hayrapetyan, a native and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his applications for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

1

asylum, withholding of removal, and protection under the Convention Against Torture. We grant the petition for review and remand for further proceedings consistent with this disposition.

Hayrapetyan asks us to decide, among other things, whether the BIA could reasonably conclude that the government has shown by a preponderance of the evidence that he no longer faces persecution in Armenia. The BIA concluded that the government carried its burden because the foreign minister whom Hayrapetyan's father accused of corruption is no longer in power and because Hayrapetyan's family members who remain in Armenia have not been harmed since that minister left office.

We cannot confirm that Hayrapetyan faces no future threat of persecution if we do not know who targeted him in the past. If the now-departed foreign minister was solely responsible for the harm inflicted on Hayrapetyan in the past, then the BIA might be right that the minister's departure from the government means that Hayrapetyan is now safe. But if other government officials in the still-ruling political party were also behind the attacks on Hayrapetyan, then the minister's departure may not eliminate the threat of future persecution.

The BIA simply assumed without elaboration that Hayrapetyan suffered past persecution. It did not make a reasoned finding. The evidence before

2

us—including Hayrapetyan's credible testimony—strongly supports a finding of past persecution. But it is the agency's responsibility, and not ours, to make this determination in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). If the agency finds that Hayrapetyan has suffered past persecution and provides a reasoned explanation for the basis of this persecution, we will be able to meaningfully review whether substantial evidence supports the BIA's finding that circumstances have sufficiently changed to allay Hayrapetyan's fear of future persecution. *Cf. Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010) ("Based upon the BIA's failure to engage in a substantive analysis of its decision, we have no ability to conduct a meaningful review of its decision.").

We therefore grant the petition and remand to the BIA to determine if Hayrapetyan has suffered past persecution, and, if it finds that he has, to make clear the factual bases upon which such a finding rests.

**GRANTED** and **REMANDED**.