FILED

**NOT FOR PUBLICATION**

FEB 23 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STELLA MOUDOYAN, AKA Stella Bovo; et al., | No. 13-71410 |
| Petitioners, | Agency Nos.    A099-061-381<br>A099-061-382<br>A099-061-383 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2016
Pasadena, California

Before: BERZON and OWENS, Circuit Judges and MARBLEY,** District Judge.

Stella Moudoyan, a citizen of Italy, files a petition challenging an order of

the Board of Immigration Appeals (BIA) dismissing her appeal of an immigration

judge's order that denied her and her children's application for asylum. As the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The Honorable Algenon L. Marbley, District Judge for the U.S. District Court for the Southern District of Ohio, sitting by designation.

parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand the case for further proceedings consistent with this disposition.

The BIA concluded that Moudoyan was not entitled to relief because: (1) she failed to establish past persecution; (2) she did not have a well-founded fear of future persecution; and (3) she failed to demonstrate that she could not reasonably relocate within Italy. As to the first issue, the BIA concluded that the "applicant ha[d] not shown that any threats, verbal or implied, were menacing enough to establish past persecution, even when all of the threats [were] considered cumulatively." The BIA's order, however, does not explain how it reached its conclusion. "[F]or the court to exercise our limited authority, there must be a reasoned explanation by the BIA of the basis for its decision." *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006). Therefore, we remand this case so the BIA can explain its ruling and so our court can review it.[1] *See, e.g., Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010) ("[W]e must remand the cause to the BIA to clarify the statutory grounds upon which it relied in denying further review."); *Su Hwa She v. Holder*, 629 F.3d 958, 963-64 (9th Cir. 2010) ("Rather

---

[1]We express no view as to the merits of Moudoyan's argument that the BIA erred in concluding that she did not establish a well-founded fear of future persecution or that she cannot reasonably relocate within Italy.

than countenance a decision that leaves us to speculate based on an incomplete analysis, we remand the case to the BIA for clarification.").

**GRANTED and REMANDED.**

*Moudoyan v Lynch   13-71410*

BERZON, J., concurring,

I concur in the memorandum disposition.  I write separately to note that in light of the facts of this case, the BIA's bare assertion that the petitioner suffered no past persecution is particularly difficult to understand.  The threats directed at Moudoyan concerned both her and her children, and were made by an organization known to carry out its threats in similar circumstances.  Moreover, the threats were delivered in person — that is, they involved the sort of "close confrontation" that we have repeatedly found significant in determining whether threats alone rise to the level of persecution.  *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005); *Ruano v. Ashcroft*, 301 F.3d 1155, 1160 (9th Cir. 2002).  Finally, Moudoyan's husband's warning to her to leave Italy underscored the seriousness of the threats.  Given these circumstances, an explanation for the BIA's conclusion was particularly warranted.