**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| AGUSTIN NAJARRO-REVOLORIO, | No. 13-73595 |
| Petitioner, | Agency No. A205-156-300 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 14, 2016
San Francisco, California

Before: D.W. NELSON, TASHIMA, and OWENS, Circuit Judges.

Agustin Najarro-Revolorio, a citizen of Guatemala, files a petition

challenging an order of the Board of Immigration Appeals (BIA) dismissing his

appeal of an immigration judge's order denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

As the parties are familiar with the facts, we do not recount them here. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction under 8 U.S.C. § 1252. We grant the petition in part and deny it in part and remand the case for further proceedings consistent with this disposition.

1.    As to Najarro-Revolorio's asylum claim, the BIA erred in concluding that the immigration judge's conduct did not violate his due process rights. To establish a due process violation in deportation proceedings, an individual must show that (1) "the proceeding was so fundamentally unfair" that he was prevented from reasonably presenting his case and (2) prejudice. *Lianhua Jiang v. Holder*, 754 F.3d 733, 741 (9th Cir. 2014) (internal quotation marks and citation omitted).

The immigration judge failed properly to develop the record as to Najarro-Revolorio's untimely application. At the merits immigration hearing, Najarro-Revolorio conceded that he did not intend to file for asylum until he was taken into custody by immigration officials and that he was not aware of any requirements to file an asylum application. The immigration judge, however, never explained to Najarro-Revolorio that there were exceptions to the one-year deadline. This failure, on its own, may not have been enough for a due process violation. However, later in the proceeding, Najarro-Revolorio testified to additional facts that were relevant to the timing of his asylum application and the immigration judge failed to inquire further. Specifically, Najarro-Revolorio testified that Olga's boyfriend started threatening him in October or November 2012 (his application

was filed in March 2013), once he realized that Najarro-Revolorio was in deportation proceedings. Even after hearing this testimony, which may have explained the delayed application, the immigration judge failed to tell Najarro-Revolorio that there were exceptions to the one-year deadline or ask him more questions about the delay. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002).

Najarro-Revolorio was prejudiced because the BIA, in affirming the immigration judge's denial of his asylum claim as untimely, determined that it would not excuse Najarro-Revolorio's untimely filing without more information about the timing and nature of the threats.

Accordingly, Najarro-Revolorio's petition is granted as to his asylum claim. The claim is remanded to the BIA with instructions to remand the case to the immigration judge for further fact-finding regarding Najarro-Revolorio's asylum claim.

2. As to Najarro-Revolorio's withholding of removal and CAT claims, the BIA did not err in concluding that the immigration judge's conduct did not violate his due process rights. The record does not support Najarro-Revolorio's contention that the immigration judge was biased and did not allow him to develop his withholding of removal and CAT claims. The immigration judge gave Najarro-Revolorio several opportunities to testify regarding the identities of his alleged

3

persecutors and their potential motivations. *Cf. Lianhua Jiang*, 754 F.3d at 741 (holding that immigration hearing did not violate petitioner's due process rights where immigration judge made statements that allegedly exhibited moral judgment but petitioner failed to show that the judge prevented her from presenting evidence).

3.      The BIA did not err in denying Najarro-Revolorio's withholding of removal claim by impermissibly discounting his testimony and requiring corroboration. The BIA affirmed the immigration judge's holding that Najarro-Revolorio failed to establish a nexus between his fear of persecution and a protected ground. The BIA, like the immigration judge, concluded that Najarro-Revolorio's threats were based on a personal dispute, which is not protected under asylum law. On appeal, Najarro-Revolorio avers that the BIA improperly discounted his "gang-related testimony" because in describing Najarro-Revolorio's testimony it stated that Olga's boyfriend "may be a member of a criminal street gang, and . . . may also be a member of a drug cartel." This argument is misguided. The BIA did not deny Najarro-Revolorio's claim because of insufficient evidence linking Olga's boyfriend to gangs, but because he failed to establish that the threats (whether they came from Olga's boyfriend or his

4

associates) were motivated by a protected ground. Accordingly, Najarro-Revolorio's petition is denied as to his withholding of removal claim.

4. It is unclear whether the BIA applied the correct legal standard in assessing the merits of Najarro-Revolorio's claim for relief under CAT. Relief under CAT is available if it is more likely than not that an individual will suffer from torture "inflicted by or at the instigation of or with the consent or *acquiescence* of a public official or other person acting in an official capacity," where acquiescence is defined as "awareness and willful blindness." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188, 1197 (9th Cir. 2003) (emphasis in original) (internal quotation marks and citation omitted); *see also Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) ("Acquiescence by government officials requires only that they were aware of the torture but remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it.") (modification, internal quotation marks, and citation omitted).

In assessing Najarro-Revolorio's claim, the BIA first wrote that Najarro-Revolorio had "not presented any persuasive evidence that, upon his removal to Guatemala, it is more likely than not that he will be tortured by or with the acquiescence (including the concept of 'willful blindness') of a public official." This language suggests that the BIA was aware of the correct legal standard for

5

relief under CAT. However, the BIA then went on to state that Najarro-Revolorio had "not supported his claim that his ex-girlfriend or her new boyfriend are connected to Guatemalan politicians or government officials that would be in a position to cause him harm rising to the level of torture." Denying relief based on Najarro-Revolorio's alleged persecutors' lack of connection to government officials, alone, is impermissible where Najarro-Revolorio's claim was based on fear of torture from private citizens. Because the BIA's reasoning is unclear, we remand to the BIA for clarification of its analysis under the correct legal standard. *See Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010) (remanding case to BIA to clarify grounds of decision); *Su Hwa She v. Holder*, 629 F.3d 958, 963-64 (9th Cir. 2010).

For the reasons stated in Part 1, we remand the asylum claim to the BIA with instructions to remand the claim to the immigration judge for further fact-finding regarding Najarro-Revolorio's asylum claim.

For the reasons stated in Part 4, we remand the CAT claim to the BIA for clarification of its analysis of Najarro-Revolorio's claim for relief under CAT.

**GRANTED in part, DENIED in part, and REMANDED.**

The parties shall bear their own costs on appeal.