NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO A. MARTINEZ-DAVALOS, | No.    15-71935 |
| Petitioner, | Agency No. A092-232-127 |
| v. | |
| LORETTA E. LYNCH, Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2016
Pasadena, California

Before: REINHARDT, WARDLAW, and OWENS, Circuit Judges.

Hugo A. Martinez-Davalos, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeal's ("BIA") denial of deferral of

removal under the Convention Against Torture ("CAT").  As the parties are

familiar with the facts, we do not recount them here.  We grant the petition and

remand for further proceedings consistent with this disposition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  As a preliminary matter, we have jurisdiction under 8 U.S.C. § 1252(a). *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (holding that jurisdiction remains where the immigration judge "denies relief *on the merits*, for failure to demonstrate the requisite factual grounds for relief, rather than in reliance on the conviction"). We decline the government's request to revisit our decision in *Pechenkov*.

2.  In the first iteration of this case, the Immigration Judge ("IJ") found Martinez credible, and held that he met his burden to show that it is more likely than not he would be tortured if he returns to Mexico. *See* 8 C.F.R. § 1208.16(c)(2). Thus, the IJ granted Martinez CAT relief. The BIA vacated that decision on appeal and the case was then appealed to this court. We granted the government's unopposed motion to remand in light of intervening case law.

During the second iteration, on remand proceedings in front of the same IJ, Martinez presented additional personal and expert witness testimony clarifying the extent of police corruption in Mexico and corroborating his claims that the Mexican police would acquiesce to his torture if he returned. Despite the additional evidence supporting the application for deferral of removal, the IJ reversed his previous decision. The IJ again found Martinez credible, but this time held that Martinez had not met his burden to show that it is more likely than not that he would be tortured if he returned to Mexico. As such, the IJ denied

2

Martinez CAT relief. The BIA affirmed the IJ's denial.

On remand, the IJ and BIA discussed the evidence that led to their denial of Martinez's application for deferral of removal under the CAT, but never discussed the IJ's opposite interpretation of essentially the same, if not stronger, facts in the remand proceeding. If the agency fails "to engage in a substantive analysis of its decision, we have no ability to conduct a meaningful review of its decision." *Arrendondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010); *see also Su Hwa She v. Holder*, 629 F.3d 958, 963–64 (9th Cir. 2010) ("Rather than countenance a decision that leaves us to speculate based on an incomplete analysis, we remand the case to the BIA for clarification."). Because the agency in this case gave no reasoned explanation for why stronger support for Martinez's application for deferral of removal under the CAT led the agency to reach a different conclusion the second time, we remand for reconsideration or a reasoned explanation by the IJ of why he reaches a decision contrary to his first.

**GRANTED and REMANDED.**