NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRBEK AKYEV, | No. 17-70356 |
| Petitioner, | Agency No. A205-561-807 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2018
Seattle, Washington

Before: BLACK,[**] PAEZ, and BEA, Circuit Judges.

Mirbek Akyev, a native and citizen of Kyrgyzstan, petitions for review of

the order of the Board of Immigration Appeals (BIA), affirming the Immigration

Judge's (IJ) decision denying his applications for asylum, withholding of removal,

and protection under the Convention Against Torture (CAT). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings underlying its denial of relief. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013).

Substantial evidence supports the BIA's denial of asylum and withholding of removal because even if Akyev had shown a nexus to a protected ground, the record does not compel a finding that Akyev had a well-founded fear of future persecution or that he would more likely than not be harmed if returned to Kyrgyzstan. 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2); *Vitug*, 723 F.3d at 1062 (explaining to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only supports [reversal], but compels it" (quotations omitted)). Finally, the record does not compel the conclusion that it is more likely than not that Akyev will be tortured at the instigation of, or with the acquiescence of, the government if returned to Kyrgyzstan. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (discussing standard for CAT relief). Accordingly, we deny Akyev's petition for review.

**PETITION DENIED.**

*Akyev v. Whitaker*, No. 17-70356

PAEZ, Circuit Judge, concurring in part and dissenting in part:

I agree with my colleagues that the Board of Immigration Appeals properly denied Akyev's asylum and withholding of removal claims to the extent that they were based on political opinion. I also agree that there is no merit to Akyev's CAT claim. I would, however, grant the petition and remand to the BIA for further proceedings on Akyev's family social group claim.

"We think it goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner." *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). Rather, IJs and the BIA must address the arguments raised by a petitioner as well as indicate how they analyzed these arguments to reach their conclusions. *Id*. When the BIA "fail[s] to engage in a substantive analysis of its decision, we have no ability to conduct a meaningful review of its decision." *Arrendondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010).

If a petitioner raises multiple protected grounds for asylum or withholding of removal, the BIA and IJ must substantively analyze each ground. *See, e.g.*, *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). Eligibility for asylum or withholding turns on the causal connection between a protected ground and evidence of past or future persecution. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (holding that "a protected ground [must] represent 'one central reason' for

the asylum applicant's persecution"). Hence, the same evidence of persecution may qualify the petitioner for asylum or withholding of removal under one asserted protected ground, but not another. *Cf., e.g.*, *Rios*, 807 F.3d. at 1128.

For this reason, we have held that the BIA errs when it does not substantively analyze each protected ground for relief asserted by the petitioner. In *Rios v. Lynch*, for example, we concluded that the BIA erred by denying withholding of removal solely by reference to the petitioner's religious claims without addressing the petitioner's social group claim based on family. *Id.* Because we could not meaningfully review a claim for asylum or withholding where the BIA or IJ had failed to address one possible ground for relief, we remanded the social group claim for further proceedings. *Id.*

We are presented with similar circumstances here. Akyev presented two distinct grounds for asylum and withholding of removal: one based on political opinion and one based on membership in a social group, his family. The IJ denied Akyev's claim for asylum and withholding solely on the basis of his political opinion claim. The IJ did not address Akyev's claim based on his membership in a particular social group. On review, the BIA adopted the IJ's findings with regard to Akyev's political opinion claim and did not specifically address his family social group claim.

Rather than remand for further consideration of Akyev's social group claim, however, the majority concludes that we can affirm the BIA's denial of relief "because even if Akyev had shown a nexus to a protected ground, the record does not compel a finding that Akyev had a well-founded fear of future persecution or that he would more likely than not be harmed if returned to Kyrgyzstan." Until the agency substantively engages with Akyev's social group claim, however, substantial evidence review is premature. Under these circumstances, it was error for the BIA and IJ not to address Akev's social group claim. *Id.* at 1126; *Sagaydak*, 405 F.3d at 1040.

For these reasons, I would grant the petition in part and remand to the BIA for further consideration of Akyev's social group claim.