
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SALVADOR SANCHEZ VALENCIA, | ) ) ) | No. 17-72669 |
| | ) | Agency No. A099-999-935 |
| Petitioner, | ) ) | |
| | ) | MEMORANDUM* |
| v. | ) ) | |
| WILLIAM P. BARR, Attorney General, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2019**
Portland, Oregon

Before: FERNANDEZ, TASHIMA, and OWENS, Circuit Judges.

Salvador Sanchez Valencia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) denial of his application for

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT) relief.[3] We deny the petition.

(1)     The BIA's determination that an alien is "not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias-Zacarias*, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003); *see also Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).

---

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] *See* United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

2

However, when a determination is based upon credibility, "a specific, cogent reason for any stated disbelief" must be offered. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004) (citation omitted).

We have reviewed the record and are satisfied that the BIA's decision is supported by substantial evidence. The BIA properly noted the inconsistencies in Sanchez's story about the incident that allegedly resulted in his persecution by a vigilante group in the small area where he lived. Thus, the BIA did not err when it determined that his claim of persecution would not support a grant of asylum.[4]

(2)    Because Sanchez did not meet his burden regarding asylum, he necessarily failed to establish eligibility for withholding of removal. *See Bingxu Jin v. Holder*, 748 F.3d 959, 967 (9th Cir. 2014); *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

(3)    The evidence in the record does not compel a determination that it is more likely than not that Sanchez would be tortured in Mexico. Thus, he is not entitled to CAT relief. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th

---

[4]We have not overlooked Sanchez's claim that the BIA erred in making its determination regarding his possible relocation to another part of Mexico. *See Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010); *Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010); *see also INS v. Orlando Ventura*, 537 U.S. 12, 18, 123 S. Ct. 353, 356, 154 L. Ed. 2d 272 (2002) (per curiam). However, in light of the credibility determination, we need not and do not consider the relocation issue.

Cir. 2016) (per curiam); *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

**Petition DENIED**.