NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY YAMILETH RODRIGUEZ-CASTRO; N. M. F. R., <br><br>         Petitioners, <br><br>   v. <br><br> WILLIAM P. BARR, Attorney General, <br><br>         Respondent. | No.   18-72259 <br><br> Agency Nos.   A208-134-376 <br>                   A208-134-377 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]
Seattle, Washington

Before: CLIFTON, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

Petitioners Wendy Yamileth Rodriguez-Castro and her minor daughter

N.M.F.R., natives and citizens of El Salvador, petition for review of an order of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Board of Immigration Appeals (BIA) dismissing their appeal from a decision of an immigration judge (IJ). The IJ denied Rodriguez-Castro's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), in which N.M.F.R. is a derivative applicant, and N.M.F.R.'s individual application for asylum, withholding of removal, and CAT relief. We have jurisdiction pursuant to 8 U.S.C. § 1252 and grant in part and deny in part the petition.

1. Substantial evidence supports the BIA's conclusion that Rodriguez-Castro did not suffer past persecution from two written extortion threats left at her home by the Mara Salvatrucha (MS) gang. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006) (death threats, where the recipient was not confronted or physically harmed, do not constitute past persecution). The written threats did not create an immediate sense of violence when weeks passed between the first and second notes, and MS did not confront or further contact Rodriguez-Castro or her family, or otherwise mistreat them, before the family left El Salvador two months later. This case does not fall in the small category of cases where "repeated and especially menacing death threats" constitute past persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence also supports the BIA's conclusion that Rodriguez-Castro failed to show a nexus between the harm she suffered and the particular

social group defined by familial association with her partner, Victor Flores. The written threats Rodriguez-Castro received did not reference Flores, or his political or police affiliations. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) ("[I]f the persecutor has no idea what the victim's political opinion is and does not care what it is, then even if the victim does reasonably fear persecution, it would not be 'on account of' the victim's political opinion.").

However, the BIA erred in failing to analyze two other protected grounds Rodriguez-Castro asserted—familial association with her parents, who reside in the United States and sent her money, and imputed political opinion due to her refusal to pay the gang. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (BIA is "not free to ignore arguments raised by a petitioner"). Because the BIA did not substantively analyze those grounds, "we have no ability to conduct a meaningful review of its decision." *Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010). We thus remand to the BIA to consider Rodriguez-Castro's asylum claim based on the two remaining grounds.

2. Substantial evidence supports the BIA's conclusion that Rodriguez-Castro is not entitled to withholding of removal because her relationship with Victor Flores was not "a reason" for the threats she received. *See Barajas-Romero*, 846 F.3d at 360. However, because the BIA failed to address Rodriguez-Castro's two other protected grounds, we remand to the BIA to determine whether the evidence

3

presented with respect to the two remaining protected grounds satisfies the standard for withholding of removal.

3.    Substantial evidence supports the BIA's conclusion that Rodriguez-Castro is ineligible for CAT relief. The BIA "concur[red] with the Immigration Judge's determination" that Rodriguez-Castro did not demonstrate that it was more likely than not that she will be tortured at the hands of government, or with its acquiescence. Country conditions evidence indicates the government in El Salvador is taking steps to control gang violence, and Rodriguez-Castro testified that her cousin received assistance from the police after reporting extortion threats from gangs.

4.    The BIA erroneously concluded that the IJ did not err in failing to consider separately N.M.F.R.'s individual claims for asylum, withholding of removal, and CAT relief. N.M.F.R.'s individual claims involve a social group nexus analysis distinct from Rodriguez-Castro's claims, which neither the IJ nor the BIA addressed. We remand to the BIA with instruction to remand to the IJ to consider N.M.F.R.'s individual claims in the first instance.

We therefore **GRANT IN PART** and **DENY IN PART** the petition, and **REMAND** to the BIA for further proceedings consistent with this memorandum. The parties shall bear their own costs.