**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JANAMJET SODHI,<br><br>    Petitioner,<br><br> v.<br><br>JEFFREY A. ROSEN, Acting Attorney General,<br><br>    Respondent. | No. 18-73348<br><br>Agency No. A072-117-532<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2020
Pasadena, California

Before:  N.R. SMITH and LEE, Circuit Judges, and KENNELLY,** District Judge.
Partial Concurrence and Partial Dissent by Judge LEE

   Janamjet Sodhi, a native and citizen of India, petitions for review of a

decision of the Board of Immigration Appeals ("BIA"), which affirmed an

immigration judge's ("IJ") conclusion that his conviction was a particularly serious

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

crime and an IJ's denial of his application for deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, deny in part, and remand for further proceedings.

1.      The BIA properly concluded that Sodhi was ineligible for asylum and withholding of removal, because his conviction of four counts of mail fraud under 18 U.S.C. § 1341 was a particularly serious crime. Our review is limited "to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks and alteration omitted) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)). Accordingly, the record shows that the BIA applied the correct legal standard by properly applying and weighing the factors set forth in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982). The BIA was not bound by the district court's statements in the criminal proceeding, nor was it required to specifically address the danger-to-community prong. *See Anaya-Ortiz*, 594 F.3d at 679.

2.      Substantial evidence does not support the BIA's denial of CAT relief. Despite finding that Sodhi was credible, neither the IJ nor the BIA credited Sodhi's testimony or the declarations of his parents that the Punjabi police were aware that

Sodhi was in removal proceedings and that they were going to arrest Sodhi when he returned to India. Further, the IJ and the BIA concluded that Sodhi was not active in the Khalistan movement; however, neither the IJ nor the BIA explained why Sodhi's credible testimony that he believed in and supported the Khalistan movement (including taking part in rallies) was insufficient to establish that he was an active supporter. This was error.[1] *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) ("[W]here there is any indication that the BIA did not consider all of the evidence before it, . . . the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence."); *see also Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010) ("Based upon the BIA's failure to engage in a substantive analysis of its decision, we have no ability to conduct a meaningful review of its decision.").

Additionally, in determining whether Sodhi could internally relocate to avoid torture, the IJ and the BIA focused on whether Punjabi police would search for Sodhi throughout the entire country and whether the Indian government has a watch list and monitors "failed asylum seekers." Neither the IJ nor the BIA

---

[1] Because the BIA did not properly consider all of Sodhi's credible testimony (in particular, Sodhi's involvement and support of the Khalistan movement) and supporting evidence as it related to CAT relief, we remand for the BIA to reassess its conclusions with regard to the expert's testimony and the country conditions evidence.

3

considered "the aggregate risk of torture from all sources." *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015). Nor did they discuss "the persecution [Sodhi, *as a Sikh who supports Khalistan*,] may face outside Punjab from local authorities, or other actors, based on his future . . . activities." *See Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019) (requiring the BIA and the IJ to conduct an "individualized analysis" to determine whether the alien could safely relocate). Accordingly, we remand the CAT claim for the BIA to adequately "consider all relevant evidence" of future torture. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (quoting *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc)).

Parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**

FILED

JAN 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEE, Circuit Judge, concurring-in-part and dissenting-in-part.

Janamjet Sodhi left India as an adolescent over three decades ago and has not set foot in his native country since then. During his time in the United States, he repeatedly faced regulatory discipline and was convicted of fraudulently depriving investors of over $2 million. The Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) found that Sodhi is not likely to suffer torture if he returns to India. Because I do not believe the record compels us to a contrary conclusion, I respectfully dissent from the majority's decision on the Convention Against Torture claim.

Relying on country conditions evidence, the IJ and the BIA found that only "politically active" Sikhs — such as "separatist party leaders" and "former militants" of the Khalistan movement — are targeted in India. *See Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014) ("[J]ust as a State Department Report alone can carry an applicant's burden of establishing a probability of torture, a Report can also serve to outweigh an applicant's evidence of a probability of torture."); *id.* ("Moreover, the BIA's interpretation of the [country condition's evidence] is entitled to deference.").

And according to the IJ and the BIA, Sodhi is not the type of political activist who will likely be subject to torture in India. Despite acknowledging that pro-Khalistan movements exist in the United States, Sodhi apparently did not volunteer

for the Khalistan movement, donate to a pro-Khalistan cause, or picket, protest, or otherwise publicly demonstrate in support of Khalistan. Indeed, Sodhi's only active participation in the Khalistan movement has been attendance at so-called "rallies." But the term "rallies" is misleading. As Sodhi himself explained, the "rallies" he attended were *not* the type of public demonstration "where we take out marches on the street." Instead, Sodhi clarified that the "rallies" were actually just "brief meetings" or "gatherings" that took place in the privacy of Sodhi's temple. And more to the point, Sodhi testified that his participation in these meetings was normally unintentional: "I used to go to [temple]. . . . And when you go over there, you might be going over there with [the] intention just to go pray, but then they have these meetings, or they have these 'rallies' or gatherings . . . that you also become part of, that you attend."

While Sodhi's testimony perhaps shows that he is a passive supporter of Khalistan, it does not show, much less compel the conclusion, that he is a "member, party worker, or active supporter" who may face torture. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). In light of this record, the IJ and the BIA deemed it immaterial that Sodhi or his parents subjectively believe that he will be targeted upon his return to India. I therefore respectfully dissent from the majority's holding on the CAT claim.