NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESIA KEREN AYALA DE ARGUETA; KEREN MIRENE ARGUETA AYALA; ELSA LETICIA ARGUETA AYALA; MARIO RENE ARGUETA AYALA, | No. 24-3024 <br><br> Agency Nos. <br> A220-489-711 <br> A220-315-589 <br> A220-315-611 <br> A220-489-712 |
| Petitioners, | |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025**
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Cesia Keren Ayala de Argueta and her three minor children (collectively,

"petitioners") are citizens of El Salvador. They seek review of the Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of their applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a). We grant the petition in part and deny it in part.

We review the BIA's factual findings for substantial evidence. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). Under this standard, the court must uphold the agency's factual findings "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review questions of law, including whether the agency failed to consider a petitioner's arguments, de novo. *See Acevedo Granados v. Garland*, 992 F.3d 755, 761, 764 (9th Cir. 2021).

1.      The BIA rejected petitioners' applications for asylum and withholding of removal because it held that petitioners could not establish a cognizable particular social group ("PSG") or a nexus between their claimed harm and a cognizable PSG. *See* 8 C.F.R. § 208.13(b) and § 208.16(b). But the BIA analyzed only one of petitioners' alleged PSGs: "female business owners who are extorted in El Salvador."

Before the BIA, petitioners asserted other protected grounds, including a

---

[1]     Petitioners do not challenge the agency's CAT denial and thus forfeited the claim. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (issues not raised in an opening brief are generally forfeited).

political opinion opposing gangs and two PSGs: "women" and "crime witness[es]." The BIA found that petitioners waived the political opinion protected ground by not presenting it to the IJ. But the BIA did not address the "women" and "crime witnesses" PSGs. This is legal error requiring remand. *See Antonio v. Garland*, 58 F.4th 1067, 1075 (9th Cir. 2023). The BIA must address all claims raised by a petitioner and is "not free to ignore arguments." *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005)). While the BIA sufficiently addressed petitioners' political opinion claim by "applying its [waiver] rules and explaining that it will not reach the merits," it offered no explanation for its failure to address the "women" and "crime witnesses" claims. *Honcharov*, 924 F.3d at 1296 n.2. We grant the petition in part and remand for the BIA to consider the women and crime witnesses PSGs in the first instance. *Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010); *see INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

2.      Petitioners further claim that the IJ violated their due process rights. We deny the petition as to these claims. The IJ did not err in excluding some untranslated evidence. *See* 8 C.F.R. § 1003.33. Nor did the IJ's questioning reveal impermissible bias. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). And, though petitioners claim the IJ signed his oral decision late, they did not show how this alleged error potentially affected the proceeding's outcome. *Gomez-Velazco v.*

*Sessions*, 879 F.3d 989, 993 (9th Cir. 2018).

Accordingly, we grant the petition in part, deny it in part, and remand for further proceedings.

**PETITION GRANTED in part and REMANDED; DENIED in part.**

The parties shall bear their own costs on appeal.