NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RIGOBERTO SORIANO-GARCIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7179

Agency No.
A208-080-788

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 27, 2026**
Richland, Washington

Before: SUNG, MENDOZA, and DESAI, Circuit Judges.

Rigoberto Soriano-Garcia, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision affirming an immigration

judge's denial of his applications for cancellation of removal, asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). Soriano-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia seeks cancellation of removal based on hardship to his wife and children if he were removed. He seeks asylum, withholding of removal, and CAT protection because his relative in Mexico was allegedly kidnapped and held hostage for several days in 2015, and he fears the worsening conditions in Mexico.

We have jurisdiction under 8 U.S.C. § 1252. We review legal questions de novo, *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018), and factual determinations and "fact-intensive mixed questions" for substantial evidence, *Ruiz v. Bondi*, 163 F.4th 586, 599 (9th Cir. 2025) (citation modified). We grant the petition in part and deny the petition in part.

1. The agency did not err by denying Soriano-Garcia's cancellation of removal application. Soriano-Garcia challenges the agency's "failure to weigh critical positive factors," such as his family's hardship, his rehabilitation, and his effort to amend prior erroneous tax filings. But the BIA acknowledged each of these factors in its decision, either expressly or by "incorporat[ing] parts of the IJ's reasoning." *See, e.g.*, *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2013). To the extent Soriano-Garcia challenges how the agency weighed the individual factors, we lack jurisdiction to review the claim. *Id.* at 896.

2. We have jurisdiction to review Soriano-Garcia's challenge to the denial of his asylum application as untimely. The parties agree that Soriano-Garcia did not file his asylum application within one year of his arrival to the United States. 8

U.S.C. § 1158(a)(2)(B). But Soriano-Garcia sought an exception to the one-year deadline based on "changed circumstances" under 8 U.S.C. § 1158(a)(2)(D). We have previously held that the changed circumstances determination is not subject to either of the relevant statutory jurisdictional bars. *Ramadan v. Gonzales*, 479 F.3d 646, 650, 655–56 (9th Cir. 2007). First, the jurisdictional bar under 8 U.S.C. § 1158(a)(3) does not apply when the petitioner raises a "question[] of law." *Id.* at 650 (quoting 8 U.S.C. § 1252(a)(2)(D)). And second, the jurisdictional bar under 8 U.S.C. § 1252(a)(2)(B) does not apply because the changed circumstances decision is not discretionary. *Id.* at 655–56; *see* 8 U.S.C. § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review . . . any other decision or action . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General."). We recently clarified that, although intervening Supreme Court case law is clearly irreconcilable with some of *Ramadan*'s reasoning, its core holding is undisturbed: the "extraordinary" or "changed circumstances" determinations are reviewable when they present mixed questions of law and fact.[1] *Ruiz*, 163 F.4th at 597–98; *see Wilkinson v. Garland*, 601 U.S. 209 (2024).

Here, Soriano-Garcia challenges the agency's conclusion that he failed to

---

[1] *Ruiz* addressed only the "extraordinary circumstances" exception, but its reasoning applies with equal force to the "changed circumstances" exception. The exceptions are in the same sentence, and prior case law has treated them as "parallel" and "analogous." *See Husyev v. Mukasey*, 528 F.3d 1172, 1178, 1180 (9th Cir. 2008).

demonstrate changed circumstances in Mexico, and also its alternative conclusion that his delay after the changed circumstances was unreasonable. Both issues present mixed questions of law and fact because "the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard." *Husyev v. Mukasey*, 528 F.3d 1172, 1178 (9th Cir. 2008) (citation modified); *Ramadan*, 479 F.3d at 650. We thus have jurisdiction to review the claims.

On the merits, substantial evidence supports the agency's conclusion that Soriano-Garcia failed to demonstrate changed circumstances. Soriano-Garcia points to general country conditions reports and news stories, but these documents do not compel the conclusion that he has shown "[c]hanges in conditions in [his] country of nationality" that "materially affect[] [his] eligibility for asylum." 8 C.F.R. § 208.4(a)(4)(i). Moreover, even if Soriano-Garcia's relative's kidnapping constituted a changed circumstance, substantial evidence supports the agency's conclusion that Soriano-Garcia failed to file his application within a "reasonable period" after the change. 8 C.F.R. § 208.4(a)(4)(ii). Soriano-Garcia waited at least nine months to file his asylum application after the kidnapping, and his only justification for the delay is that he "did not know about the deadline." *See Husyev*, 528 F.3d at 1182 (accepting that "six months . . . is not an unreasonable presumptive deadline" and holding that a one-year delay "is not a reasonable period . . . in the

absence of *any* established explanation for" a petitioner's failure to file earlier).

3.  The BIA erred when it held that Soriano-Garcia forfeited his challenge to the denial of his withholding of removal claim. The immigration judge denied Soriano-Garcia's claim based on (1) lack of nexus to a protected ground, (2) lack of a cognizable particular social group, and (3) failure to show a clear probability of future persecution. Before the BIA, Soriano-Garcia challenged all of these bases. The BIA thus erred by concluding Soriano-Garcia failed to challenge the denial. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). The government acknowledges the BIA's error but asks us to deny the withholding of removal claim by evaluating the merits. We "cannot affirm the BIA on a ground upon which it did not rely," *Arredondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010) (citation modified), and when the BIA's decision "cannot be sustained upon its reasoning, [the] case must be remanded." *See Kalulu v. Bondi*, 128 F.4th 1009, 1024 (9th Cir. 2024) (citation modified). We thus grant the petition with respect to the withholding of removal claim and remand to the agency to evaluate the claim on the merits.

4.  Substantial evidence supports the denial of Soriano-Garcia's CAT claim. Soriano-Garcia presents only generalized country conditions reports in support of his claim that the Mexican government would acquiesce in his torture. Such evidence does not compel the conclusion that he would face torture with the acquiescence of the government if he were removed. *See Andrade-Garcia v. Lynch*,

828 F.3d 829, 836–37 (9th Cir. 2016).

**Petition GRANTED in part and DENIED in part; REMANDED.**