**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAVEL BAHMATOV, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM BARR, Attorney General, <br><br> Respondent. | No. 17-72794 <br><br> Agency No. A94-646-413 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and JACK,** District Judge.

Pavel V. Bahmatov ("Bahmatov"), a native of Uzbekistan, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

an immigration judge's order denying his application for deferral of removal

pursuant to the United Nations Convention Against Torture ("CAT") and the

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

BIA's dismissal of his motion for remand due to new evidence. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's determinations, including its denial of Bahmatov's motion to remand, for abuse of discretion and may disturb the ruling only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014); *Singh v. I.N.S.*, 213 F.3d 1050, 1052 (9th Cir. 2000); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). We review the BIA's denial of CAT relief under the deferential, substantial evidence standard. *Konou*, 750 F.3d at 1124. We review questions of law de novo. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

Bahmatov contends that that substantial evidence does not support the BIA's denial of his application for deferral of removal under CAT and that the BIA abused its discretion by denying his motion to remand.

1. Substantial evidence supports the BIA's finding that Bahmatov was not entitled to CAT relief. Article 3 of CAT prohibits states from returning anyone to another state where he or she may be tortured. *See Al-Saher v. I.N.S.*, 268 F.3d 1143, 1146 (9th Cir. 2001).

To qualify for CAT deferral, the petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). In evaluating whether an individual will

more likely than not be tortured, "all evidence relevant to the possibility of future torture shall be considered," including, but not limited to:

> (i) Evidence of past torture inflicted upon the applicant;
> (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
> (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and
> (iv) Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 1208.16(c)(3). Torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Here, Bahmatov failed to show that it is more likely than not that he will be tortured if removed to Uzbekistan. Bahamtov argued that the BIA failed to consider "all evidence relevant to the possibility of future torture" as is required. 8 C.F.R. § 1208.16(c)(3); *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015). Bahmatov asserted that the BIA failed to expressly address Uzbekistan's "Exit Laws" and testimony by a credible witness. We do not require that the IJ "write an exegesis" on every contention; "[w]hat is required is merely that [the IJ] consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004).

3

Here, the IJ's decision met that requirement. The IJ reviewed the expert testimony at length, and her decision was based on substantial evidence. Specifically, the IJ relied on evidence that people in Uzbekistan with a criminal history face strict supervision, but not torture, that people who fail to obtain registration face fines and deportation, but not torture, and that thousands of stateless individuals live peacefully in Uzbekistan. And the IJ reasoned that although evidence showed some individuals who violated their exit visas or other travel requirements were tortured, that evidence was not sufficient to show that Bahmatov in particular would likely face the same consequences. Therefore, substantial evidence supports the IJ's finding that Bahmatov did not meet his burden to show that he is likely to face torture if removed to Uzbekistan. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) ("To reverse the BIA, we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." (alterations in original) (quotation marks and citations omitted)).

2. The BIA did not abuse its discretion by denying Bahmatov's motion for remand. In order to support a motion for remand, Bahmatov must show that there are new facts relevant to his case that were previously unavailable and material. 8 C.F.R. § 1003.2(c)(1); *I.N.S. v. Abudu*, 485 U.S. 94, 95 (1988). Petitioner relied on

4

two pieces of new evidence in his motion, a *New York Times* article discussing political issues in Uzbekistan and the 2016 State Department Report on Uzbekistan. Neither constitutes previously unavailable material given the evidence Bahmatov presented during his original hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010).

The partial dissent argues that the IJ "essentially ignored the Illegal Exit argument in the analysis of Bahmatov's CAT claim" and the BIA did not "even reference the Illegal Exit argument or the evidence underlying it." We disagree. The IJ's decision, adopted by the BIA, in part expressly recited "two known cases" where people "found themselves under criminal prosecution because of delays on their exit visas." The IJ noted that "[i]n one of these cases, a citizen of Uzbekistan who returned after living in the United States for some time had criminal charges brought against her for violating the terms of her exit visa." But the IJ reasoned that "there is simply not enough evidence regarding the treatment of stateless persons and persons returning from long absences from Uzbekistan" to conclude that Bahmatov was more likely than not to be tortured. The IJ also noted that Bahmatov has not shown that "upon allowing him to enter the country by means of an entry visa, Uzbek authorities would then be interested in detaining him." The IJ decision is controlled by its application of the burden of proof on Bahmatov to show likelihood of torture if returned to Uzbekistan. The IJ specifically found that

Bahmatov failed to demonstrate that the Uzbek government is more likely than not to arrest, detain and torture him upon a return. Although the IJ did not refer to "Illegal Exit laws" in those terms, the IJ's analysis clearly responds to Bahmatov's "Illegal Exit argument."

**PETITION DENIED.**

*Bahmatov v. Barr*, No. 17-72794

PAEZ, Circuit Judge, concurring in part and dissenting in part:

I would grant the petition in part and remand to the BIA for further proceedings on Bahmatov's CAT claim.

Although, as the majority notes, we do not require that an IJ and the BIA "write an exegesis" on every contention raised by a petitioner, we do require the IJ and BIA to address each contention. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). "We think it goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner." *See Sagaydak*, 405 F.3d at 1040. When the IJ and BIA "fail[] to engage in a substantive analysis of its decision, we have no ability to conduct a meaningful review of its decision." *Arrendondo v. Holder*, 623 F.3d 1317, 1320 (9th Cir. 2010).

Here, Bahmatov raised two separate arguments to support his claim that if returned to Uzbekistan, he would more likely than not be arrested and—given the Uzbek government's widespread use of torture on detainees—be tortured. First, Bahmatov sought to demonstrate that his aggregate status as a stateless person without registration documents, a convicted felon, a member of an unregistered minority Christian religion, and long-time resident of the United States would more likely than not lead to his detention. Second, and in addition to the argument

about his aggregate status, Bahmatov sought to show that his violation of Uzbekistan's strictly enforced "Illegal Exit" laws would more likely than not lead to his detention. To support this second argument, Bahmatov provided credible and uncontested evidence that he was in violation of Uzbekistan's Illegal Exit laws; that these laws were strictly enforced; and that the penalty for violating these laws was a period of imprisonment.

Although the IJ acknowledged the evidence concerning Bahmatov's ongoing violation of Uzbekistan's Illegal Exit laws when reciting the facts of his application, the IJ essentially ignored the Illegal Exit argument in the analysis of Bahmatov's CAT claim. Instead, the IJ's analytical rubric required Bahmatov to show:

> (1) he will be treated as a stateless person in Uzbekistan;
> (2) Uzbek police will become aware of him *and his status as a criminal deportee, a stateless person with a long residence in the United States, and as a Seventh Day Christian*;
> (3) upon becoming aware of him, the police will arrest and detain him; and
> (4) once detained, they will use physical force and other abuse rising to the level of torture against him.

The IJ's framework and ensuing analysis failed to substantively engage with Bahmatov's separate and independent argument that his ongoing violation of Uzbekistan's Illegal Exit laws would more likely than not lead to his detention. On review, the BIA does not even reference the Illegal Exit argument or the evidence underlying it.

For these reasons, I would grant the petition in part and remand to the BIA for further consideration of Bahmatov's CAT claim. I agree with my colleagues that the Board of Immigration Appeals did not abuse its discretion by denying Bahmatov's motion to remand.